# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

January 23, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DANNY M. BRINKLEY,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0187** (BOR Appeal No. 2048768)
                    (Claim No. 2012001338)

**BRODY MINING, LLC,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Danny M. Brinkley, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Brody Mining, LLC, by Jillian L. Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 24, 2014, in which the Board affirmed a September 6, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's March 22, 2012, decision which granted a 0% permanent partial disability award and instead granted Mr. Brinkley a 2% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Brinkley, a shuttle car operator, was injured in the course of his employment on July 11, 2011, when he tripped over a line curtain he was carrying. The claim was held compensable for lower leg injury, sprain of the foot, closed fracture of the ulna shaft, and sprain of the ankle. Mr. Brinkley's ulna shaft fracture was slow to heal, and he underwent surgery on November 8, 2011, for a reduction and internal fixation, compression plating, and bone grafting. The claims administrator granted him a 0% permanent partial disability award on March 22, 2012.

1

Three independent medical evaluations were performed in order to determine the amount of permanent impairment Mr. Brinkley sustained as the result of his compensable injury. The first evaluation was conducted by Paul Bachwitt, M.D., on March 13, 2012. Dr. Bachwitt noted that Mr. Brinkley had two prior claims for left foot injuries in 2010 that were denied. At the evaluation, Mr. Brinkley reported pain in the left arm and foot. Dr. Bachwitt found that he had reached maximum medical improvement. He found no ratable impairment for the compensable injuries. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) Dr. Bachwitt found that range of motion in the left elbow showed full extension, 135° flexion, 80° pronation, and 70° supination. The left wrist had 55° dorsiflexion, 55° volar flexion, 20° radial deviation, 45° plantar flexion, 30° inversion, and 15° eversion.

A second independent medical evaluation was conducted on November 26, 2012, by Bruce Guberman, M.D. Dr. Guberman noted that Mr. Brinkley reported daily pain in his left arm from the elbow to the wrist and pain in the left foot. He stated that he had received a 6% permanent partial disability award in the past for bilateral carpal tunnel syndrome. Dr. Guberman used the American Medical Association's *Guides* and found 130° flexion, 0° extension, 50° supination, and 80° pronation for the left elbow. For the left wrist he found 50° flexion, 60° extension, 20° radial deviation, and 20° ulnar deviation. The range of motion for the left ankle was 40° flexion, 20° dorsiflexion, 20° inversion, and 10° eversion. He assessed 4% impairment for the left arm and 1% impairment for the left ankle for a total of 5% whole person impairment.

A third independent medical evaluation was conducted by Jerry Scott, M.D., on May 20, 2013. Dr. Scott stated that Mr. Brinkley reported left arm and left foot pain at that time. Using the American Medical Association's *Guides*, left elbow range of motion was found to be 140° flexion, 0° extension, 75° supination, and 80° pronation. The left wrist was 60° flexion, 50° extension, 20° radial deviation, and 30° ulnar deviation. Dr. Scott noted that Mr. Brinkley walked normally with an occasional mild left limp. For the left knee he noted 45° flexion, 15° extension, 25° inversion, and 15° eversion. He opined that Dr. Guberman should have apportioned his findings for pre-existing injuries. Dr. Scott assessed 0% impairment for the left ankle and 1% impairment for the left upper extremity. The left upper extremity impairment was apportioned for Mr. Brinkley's pre-existing carpal tunnel syndrome. The final recommendation was therefore 0% whole person impairment.

The Office of Judges reversed the claims administrator's decision in its September 6, 2013, Order and granted Mr. Brinkley a 2% permanent partial disability award representing 1% for the left upper extremity and 1% for the left ankle. The Office of Judges found that Dr. Bachwitt concluded that Mr. Brinkley had no left wrist or elbow impairment, Dr. Scott found 1% impairment, and Dr. Guberman found 4% impairment. The Office of Judges concluded that Dr. Guberman's left wrist range of motion studies, particularly with regard to supination and ulnar deviation, were not reproduced or corroborated by the other studies of record. It was noted that Mr. Brinkley previously received a 6% permanent partial disability award for left wrist impairment. The Office of Judges therefore held that Mr. Brinkley was entitled to no impairment for the left wrist. For the left elbow, however, the Office of Judges determined that Dr. Guberman found 130° of flexion which converts to 1% whole person impairment. It was determined that the finding of impairment was corroborated by Dr. Bachwitt's report to an

2

extent. Dr. Bachwitt found 135° of flexion, which is short of the normal range of motion of 140°. The American Medical Association's *Guides* provide that measures of flexion are to be rounded to the nearest 10°; however, it does not state whether it is to be rounded up or down. The Office of Judges concluded that Dr. Bachwitt's finding demonstrates slight impairment, and a slight impairment award was therefore appropriate. A 1% permanent partial disability award was found to be consistent with the evidentiary record.

In regard to the left lower extremity, the Office of Judges found that Dr. Bachwitt's range of motion studies show no whole person impairment. Dr. Guberman's findings were found to show slight range of motion impairment of the left ankle of 10° eversion. This finding was within 5° of Dr. Bachwitt's finding and was deemed to be credible. It was noted that Dr. Scott's findings for the left ankle were not referenced in the Office of Judges' Order. The Office of Judges determined that he referred to his range of motion findings as being for the left knee. While it may be a clerical error, the Office of Judges found that his only other reference to that aspect of his examination is a comment that the left ankle and hind foot range of motion exceeds Tables 42, 43, and 44 of the American Medical Association's *Guides.* The Office of Judges noted that even if his knee range of motion was accepted as ankle range of motion, Dr. Scott's eversion finding is also within 5° of Dr. Guberman's. The Office of Judges concluded that Mr. Brinkley was entitled to 1% impairment for the left ankle for a total award of 2% permanent partial disability. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 24, 2014.

On appeal, Mr. Brinkley argues that Dr. Guberman was the only physician of record to correctly evaluate him, and he should therefore be granted a 5% permanent partial disability award based upon Dr. Guberman's findings. Brody Mining, LLC, asserts that Dr. Guberman failed to apportion his findings for pre-existing injuries and conditions in the left arm and leg, and his report is therefore unreliable. Also, Mr. Brinkley returned to his pre-injury position just three months after surgery for the compensable injury, and the other reports of record found only minimal impairment.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The Office of Judges committed no reversible error in its determination that Mr. Brinkley was entitled to a 2% permanent partial disability award, and the Board of Review was therefore correct to affirm its decision. The evidentiary record shows that Mr. Brinkley is entitled to a 2% permanent partial disability award representing 1% for the left upper extremity and 1% for the left ankle.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  January 23, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum